**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-5107**

———————

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ROBERT LEE MCQUEEN, a/k/a Preacher,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:09-cr-00253-F-1)

———————

Submitted:  August 22, 2011          Decided:  September 9, 2011

———————

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

H. Gerald Beaver, BEAVER, HOLT, STERNLICHT & COURIE, P.A., Fayetteville, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Robert Lee McQueen was convicted by a jury of one count of conspiracy to possess with intent to distribute more than 100 grams of heroin, in violation of 21 U.S.C. § 846 (2006), multiple counts of possession and distribution of heroin, in violation of 21 U.S.C. § 841(a)(1) (2006), and one count of unlawful possession of two firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2006). McQueen was sentenced to a total of 169 months' imprisonment. On appeal, McQueen's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that he found no meritorious issues for appeal, but questioning whether the district court abused its discretion when it excluded evidence of a Government witness's prior felony convictions; whether the district court erred in sentencing McQueen; and whether McQueen received ineffective assistance of counsel. McQueen filed a pro se supplemental brief challenging the sufficiency of the evidence and the calculation of the drug weight in the presentence report, and alleging a violation of his Confrontation Clause rights. The Government has declined to file a brief. Because we find no meritorious grounds for appeal, we affirm.

Counsel for McQueen first questions whether the district court erred when it excluded evidence of a Government

witness's prior felony convictions, in accordance with Fed. R. Evid. 609 (a) and (b). We review a district court's ruling on the admissibility of evidence for an abuse of discretion. United States v. Johnson, 587 F.3d 625, 637 (4th Cir. 2009). We conclude that the district court did not abuse its discretion in applying the provisions of Rule 609(a) and (b) to exclude evidence of some, but not all, of the witness's prior convictions because they were more than ten years old.

McQueen also questions whether the district court erred in imposing his sentence. Appellate review of a sentence, "whether inside, just outside, or significantly outside the Guidelines range," is for abuse of discretion. Gall v. United States, 552 U.S. 38, 41 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-50. We presume that a sentence imposed within the properly calculated Guidelines range is reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010).

We have reviewed the record with these standards in mind. Our examination leads us to conclude that McQueen's within-Guidelines sentence is procedurally and substantively sound. Therefore, the district court did not abuse its discretion in imposing the chosen sentence.

Finally, McQueen's claim that trial counsel rendered ineffective assistance must be considered in a post-conviction proceeding brought pursuant to 28 U.S.C.A. § 2255 (West Supp. 2011), unless counsel's alleged deficiencies conclusively appear on the record. See United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008); United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because we find no conclusive evidence on the record before us that counsel rendered ineffective assistance, we decline to consider this claim on direct appeal.

In accordance with Anders, we have reviewed the entire record in this case and McQueen's pro se supplemental brief and conclude there are no meritorious issues for appeal. We therefore affirm McQueen's conviction and sentence. We deny counsel's motion to withdraw. This court requires that counsel inform McQueen, in writing, of his right to petition the Supreme Court of the United States for further review. If McQueen requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may renew his motion for leave to withdraw from representation. Counsel's motion

4

must state that a copy thereof was served on McQueen. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED